UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>HARRIET NICKELS,<br><br>        Defendant. | No. 1:16-cv-01507-DAD-BAM<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE MADERA COUNTY SUPERIOR COURT AND DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 1–2) |

This is an unlawful detainer action brought under California state law by plaintiff Federal National Mortgage Association against defendant Harriet Nickels. On October 6, 2016, defendant removed this case to this court from the Madera County Superior Court. (Doc. No. 1.) Defendant asserts that proper removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1441, and alternatively, civil rights removal jurisdiction pursuant to 28 U.S.C. § 1443. (*See id.* at 8–15.)   On the same day as the notice of removal, defendant filed a motion to proceed in forma pauperis in this court. (Doc. No. 2.)

**FEDERAL QUESTION JURISDICTION**

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is

1

strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the

2

defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendant Harriet Nickels has not established that removal of this action to this federal court is appropriate on the basis of federal question jurisdiction. The complaint filed by plaintiff is a straight-forward unlawful detainer action that is based entirely on state law. (See Doc. No. 1 at 22–26.) In her notice of removal, defendant appears to rely on what appear to be potential defenses rooted in federal law. For example, defendant alleges that (1) the underlying trust deed loan is controlled by federal law; and (2) she was discriminated against in the process of eviction, in violation of the federal laws. (*See id.* at 2–3, 5–6.) Removal on these bases is improper, as the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint, defendant has failed to properly invoke this court's jurisdiction. Remand to the Madera County Superior Court is appropriate. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

**CIVIL RIGHTS REMOVAL JURISDICTION**

In addition, defendant relies on 28 U.S.C. § 1443 as providing the removal jurisdiction of this court. A party removing an action under § 1443 must satisfy the following two-part test: (1) the court must determine that the right allegedly being denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of equality; and (2) the court must determine that the petitioner cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975); *Georgia v. Rachel,* 383 U.S. 780, 792, 794–99 (1966).

/////

1    Even if defendant could satisfy the first prong of this test, she cannot meet the second. In
2 this regard, a defendant has no inherent right to a federal forum to adjudicate a federal right
3 absent exclusive federal jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463
4 U.S. 1, 10–12 (1983).

> [T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can clearly be predicted by reason of the operation of a pervasive and explicit state law or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). This showing normally requires that "the denial be manifest in a formal expression of state law." *Rachel,* 384 U.S. at 803; *see also Johnson,* 421 U.S. at 220.

Defendant contends that plaintiff's bringing of an unlawful detainer action against her in state court was discriminatory, and that state court officials have violated or will violate her federal rights in the state unlawful detainer action. Specifically, defendant states that she believes that the state court procedures deprive her of her rights under the United States Constitution and that removal to a federal forum is the only adequate means of protecting her interests. (Doc. No. 1 at 4.) She further broadly argues that "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the court, ability to present evidence, and to make and enforce contracts . . . ." (*Id.* at 11.) This is not sufficient to support removal under § 1443, as defendant has failed to allege specific facts substantiating her claims that her federal rights have been violated. For example, she has not identified the manner in which state law has effectively denied her right to enforce a federal right. Nor has defendant demonstrated that she will be denied her rights under federal law if this matter remains in state court. State courts are bound to uphold the federal constitution and there is no reason to doubt that the state court will do so in this action.

/////

/////

/////

4

Accordingly,

1. This action is remanded forthwith to the Madera County Superior Court for lack of subject matter jurisdiction;
2. Defendant's motion to proceed in forma pauperis (Doc. No. 2) is denied as moot; and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **October 6, 2016**　　　　　　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE